IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shafeeq Ali Goldwire, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:19-56-BHH |
| v. ) | |
| ) | **ORDER** |
| Travis Bragg, Warden FCI Bennettsville,) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Petitioner Shafeeq Ali Goldwire's ("Petitioner" or "Goldwire") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 19, 2019, Respondent Travis Bragg, Warden FCI Bennettsville ("Respondent") filed a motion to dismiss. In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On August 19, 2019, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report"), analyzing the issues and recommending that the Court grant Respondent's motion to dismiss. Petitioner filed objections to the Report, and the matter is ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

In his petition, Petitioner argues that he was improperly sentenced as a career offender, and he seeks resentencing pursuant to *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Specifically, Petitioner asserts that the sentencing court erred in finding that his prior state felony convictions under Florida statute § 893.13 qualified as predicate offenses for career offender purposes because he was not sentenced to a term in excess of one year.

In her Report, the Magistrate Judge outlined the history of Petitioner's criminal case, including Petitioner's prior motions filed pursuant to 28 U.S.C. § 2255. After reviewing this history as well as Petitioner's current claims, the Magistrate Judge recommended that the Court grant Respondent's motion to dismiss, finding that Petitioner is unable to meet the "savings clause" set forth in 28 U.S.C. § 2255 and that the Court therefore lacks jurisdiction to consider this petition.

As the Magistrate Judge explained, "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause"

that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n. 5.

The Fourth Circuit recently established an updated savings clause test under § 2255 for a petitioner who contests his sentence. *Wheeler*, 886 F.3d at 429. Specifically, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Here, Petitioner asserts that he meets the requirements of *Wheeler* and cites to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and *Donawa v. U.S. Attorney*

---

[1] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

*General*, 735 F.3d 1275 (11th Cir. 2013), in support of his argument that his drug convictions do not count as a predicate offense for career offender purposes. After considering Petitioner's arguments, however, the Magistrate Judge determined that Petitioner failed to meet the second prong of *Wheeler* and that Petitioner's reliance on *Simmons* and *Donawa* was misplaced. Specifically, the Magistrate Judge explained that, because Petitioner was convicted in the Eleventh Circuit, any substantive law change that would cause Petitioner's sentence to be unlawful must arise from the United States Supreme Court or the Eleventh Circuit. *See Van Hoorelbeke v. United States*, No. CA 0-08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan. 8, 2010) (citing *Chaney v. O'Brien*, 2007 WL 1189641 (W.D. Va. Apr. 23, 2007) (holding that in applying the second prong of the *Jones* test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted")). *Simmons* is a Fourth Circuit decision, and the Magistrate Judge explained that *Simmons* cannot be used to challenge Petitioner's sentence. In addition, the Magistrate Judge explained that *Donawa* does not offer Petitioner relief because it does not address whether Florida statute § 893.13 constitutes a controlled substance offense under the sentencing guidelines.

In his objections to the Magistrate Judge's Report, Petitioner essentially reiterates his arguments and asserts that he is entitled to relief pursuant to *Wheeler*, citing *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), and *Lester v. Flournay*, 909 F.3d 708 (4th Cir. 2018), in support of his arguments. After review, however, the Court finds Petitioner's reliance on *Foote* and *Lester* misplaced, and the Court finds Petitioner's objections without merit. As the Magistrate Judge explained, to satisfy *Wheeler*'s second element, Petitioner must show that Supreme Court or Eleventh Circuit substantive law (as opposed to Fourth

Circuit law) changed and was deemed to apply retroactively on collateral review. Petitioner simply has not done so. Moreover, as Respondent points out in his motion to dismiss, under Eleventh Circuit law, violations under Florida statute § 893.13 qualify as "controlled substance offenses" for purposes of Petitioner's career offender status. *See, e.g., United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014), and *United States v. Pridgeon*, 853 F.3d 1192, 1196 (11th Cir. 2017).

Therefore, after consideration, the Court agrees with the Magistrate Judge that Petitioner has failed to show that § 2255 is "inadequate or ineffective" to test the legality of his detention to allow him to bypass the gatekeeping requirements of § 2255 and proceed with this § 2241 petition. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 35) is adopted and incorporated herein; Petitioner's objections (ECF No. 37) are overruled; Respondent's motion to dismiss (ECF No. 27) is granted; and Petitioner's motion for default judgment (ECF No. 41) is denied.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 16, 2020
Charleston, South Carolina

### NOTICE OF RIGHT TO APPEAL

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.